UNITED STATES of America,
Plaintiff,

v.

Lewis L. LINSY, Defendant.

No. 63–CR–135.

United States District Court
E. D. Wisconsin.

Feb. 19, 1964.

Louis W. Staudenmaier, Jr., Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

James M. Shellow, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Motion of defendant, Lewis L. Linsy, for an order suppressing for use as evidence such personalty as was seized from the defendant by Treasury agents on September 7, 1963, on the ground that the search and seizure violated the provisions of the Federal Rules of Criminal Procedure and the Fourth Amendment.

Defendant was arrested September 7, 1963, by Treasury agents after they entered the premises at 2443–B North 21st Street, Milwaukee. The agents did not have a warrant of arrest. Following the arrest, defendant Linsy instructed one Iree Sewell to give the officers a key to a locked door, behind which they found an illegal still. Defendant was indicted by the Grand Jury, charged with concealment, possession, and manufacture of untaxed distilled spirits.

Officer Ennis testified that he arrested defendant when he first entered the residence suspected of housing the still but before the still was observed. Ennis further testified that he had reason to believe that there was a still in operation and that the defendant was the operator.

Defendant contends that the officer lacked probable cause to believe defendant committed such a violation. His counsel concedes that at the time of the arrest the officer had probable cause to believe the defendant had sold or possessed illicit liquor. He contends that this is immaterial because the arrest was made on account of unlawful manufacture of distilled spirits.

The government contends that the arresting officer need only .have probable cause to believe that the defendant had committed a violation in the specific

760

area; namely, alcohol tax laws; also that the officer had probable cause to believe that the defendant had committed the violation of manufacturing illicit liquor. Much of the briefs and the oral argument revolve around the question as to whether it is necessary that the officer had probable cause to justify a prudent man in believing that *the offense* was committed. The government contends that the use of that language embraces a larger concept than a narrow statutory violation and cites cases to that effect. Under the facts as developed on the hearing, it is unnecessary to go into either line of decisions.

The language—"a violation of the narcotics laws"—is in itself subject to different interpretations. Federal Rules of Criminal Procedure provide that an arrest warrant shall issue only upon a sworn complaint setting forth the offense charged, showing that there is probable cause to believe it has been committed and that the defendant committed it. The requirements imposed upon an officer who arrests without warrant cannot be less stringent than those for obtaining a warrant of arrest. Otherwise a principal incentive for procurement of warrants of arrest would be destroyed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

The issue then is: Did the arresting officer have probable cause to believe that the defendant had engaged in the manufacture of untaxed spirits immediately prior to the time of his arrest? The following facts support the conclusion that the officer did in fact have probable cause:

1. A confidential informer, who had previously been proven reliable, informed the officer that Linsy was operating a still.

2. By placing Linsy under periodic surveillance, the officer learned that Linsy was living at 2443–B North 21st Street with one Iree Sewell.

3. Linsy was observed leaving and entering the premises frequently and possessed a key to the premises. Further, he drove both his and Iree Sewell's automobile on various occasions.

4. Linsy had two previous convictions for said offense.

5. Linsy was observed carrying a bag containing at least one one-gallon jug into the house. This is the type of jug commonly used in the Milwaukee area for the bottling of moonshine whiskey.

6. An above average amount of gas was being used on the premises.

7. Officer Ennis personally smelled the odor of sour mash radiating from the house in question.

A reasonable and prudent man possessing this information would have had probable cause to believe that defendant Linsy was manufacturing untaxed distilled spirits at 2443–B North 21st Street, Milwaukee.

The court concludes that the arrest was legal. Defendant's motion to suppress is hereby denied.